UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Will Henry Harlan,<br><br>    Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>    Respondents | 2:15-cv-00799-JAD-PAL<br><br>**Order Granting in Part and Denying in Part Respondents' Motion to Dismiss**<br><br>[ECF No. 7] |

    Pro se Nevada state-prison inmate Will Henry Harlan brings this § 2254 petition to challenge his second-degree murder conviction resulting from a guilty plea.[1] Respondents move to dismiss, arguing that Harlan's claims are either unexhausted, procedurally barred, or not cognizable on federal habeas review.[2] I agree that the bulk of Harlan's claims are unexhausted, so I grant respondents' motion in part and deny it in part and give Harlan until October 29, 2016, to notify the court how he wishes to proceed with this action.

## Background

**A.    Harlan's state-court conviction and sentence**

    In July 2011, the state of Nevada charged Harlan in the Las Vegas Township Justice Court with (1) open murder with use of a deadly weapon, (2) robbery with use of a deadly weapon, (3) attempted murder with use of a deadly weapon, (4) battery with use of a deadly weapon resulting in substantial bodily harm, (5) mayhem with use of a deadly weapon, and (6) possession of a firearm by an ex-felon.[3] The charges stemmed from the shooting death of Manuel Phillip Rios three months

---

[1] ECF No. 5.

[2] ECF No. 7.

[3] ECF No. 8-13.

earlier.[4]

After a preliminary hearing, the justice of the peace reduced the open-murder charge to second-degree murder, struck the robbery count,[5] and bound Harlan over to the Eighth Judicial District Court on the remaining counts.[6] The state duly filed an information charging Harlan with these offenses[7] and then moved to amend the information, arguing that the justice of the peace improperly struck the open-murder and robbery charges.[8] The state district court granted the motion,[9] and the state filed an amended information changing the second-degree-murder count to open murder and adding a robbery count.[10] Harlan responded with a pre-trial writ, arguing that there was insufficient evidence to bind him over on these counts and that the battery and mayhem counts were duplicative and redundant.[11]

After the state district court denied Harlan's writ,[12] he entered an *Alford* plea to a second-amended information charging him with second-degree murder only.[13] Seven months later—before sentencing and with the assistance of new counsel—Harlan moved to withdraw his plea.[14] After an evidentiary hearing, the state district court denied the motion and sentenced Harlan to 10–25 years in

---

[4] *See id.*

[5] ECF Nos. 8-16, 8-17.

[6] ECF No. 8-18.

[7] ECF No. 8-20.

[8] ECF No. 8-21.

[9] ECF No. 9-1.

[10] ECF No. 9-2.

[11] ECF No. 9-3.

[12] Though the district-court judge denied the writ, he acknowledged that Harlan could not be adjudicated guilty on both the battery and mayhem counts.

[13] ECF Nos. 10-13, 10-14.

[14] ECF No. 11-4.

prison.[15]

Harlan appealed his conviction, arguing that his guilty plea was involuntary and unknowing and that the cumulative effect of the trial court's errors violated his due-process rights.[16] The Nevada Supreme Court affirmed the conviction, finding that Harlan's plea was constitutionally valid because it was made knowingly, voluntarily, and intelligently. The Nevada Supreme Court declined to address the merits of Harlan's cumulative-error claim because, under the United States Supreme Court's decision in *Tollett v. Henderson*, Harlan had waived any claims for errors that occurred before he entered his plea.[17]

**B.     Harlan's state-court post-conviction proceedings**

Harlan then filed a pro se habeas petition in the state district court in which he claimed that (1) the trial court erred by allowing the state to file an amended information, (2) his plea was not intelligently entered, (3) the trial court was biased, and (4) his counsel was ineffective for failing to investigate, concealing discovery, and failing to "follow up" on his habeas petition.[18] The state district court denied the petition.[19] It found that Harlan's first claim was precluded by the law of the case and NRS 34.810(1)(a).[20] It also rejected Harlan's claim that his plea was not intelligently entered because it was belied by the record, and it rejected the ineffective-assistance (IAC) claims because Harlan failed to show deficiency or prejudice.[21] Finally, the court found that Harlan's bare

---

[15] ECF No. 11-13.

[16] ECF No. 12-3.

[17] ECF No. 12-7 (citing *Tollett v. Henderson*, 411 U.S. 258 (1973); *Webb v. State*, 538 P.2d 164 (Nev. 1975)).

[18] ECF No. 12-9.

[19] ECF No. 12-19.

[20] NEV. REV. STAT. § 34.810(1)(a) provides that the court must dismiss a petition if the petitioner's conviction was based on a guilty plea and the petition "is not based upon an allegation that the plea was involuntarily or knowingly entered or that the plea was entered without effective assistance of counsel."

[21] ECF No. 12-19.

assertions of bias failed to state a claim and that his trial-court-bias claim was also precluded under NRS 34.810(1)(a).

Harlan appealed, and the Nevada Supreme Court affirmed.[22] The court found that Harlan's first claim challenging the state's filing of the amended information was barred by NRS 34.810.[23] The court rejected Harlan's IAC claim. It found that Harlan's allegation that counsel failed to show him the autopsy report was barred by the law of the case because the district court found at the evidentiary hearing on his motion to withdraw the guilty plea that he had been shown the report and discussed it with counsel.[24] The court also rejected Harlan's remaining IAC claims that his counsel was ineffective for failing to investigate, concealing discovery, and failing to follow up on his habeas petition, finding that he failed to show deficiency or prejudice.[25] Finally, the court denied Harlan's trial-court-bias claim as both unsupported by the record and barred by NRS 34.810.[26]

Harlan timely dispatched this federal petition in April 2015. He asserts four claims: (1) the trial court erred by allowing the state to amend the information to include the first-degree murder and robbery charges, (2) his guilty plea was invalid, (3) the district court improperly participated in his plea negotiations, and (4) trial counsel was ineffective.

## Discussion

**A.   Exhaustion under 28 U.S.C. § 2254**

A federal habeas petitioner first must exhaust state-court remedies on a claim before presenting that claim to the federal court.[27] The exhaustion requirement ensures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional

---

[22] ECF No. 12-22.

[23] ECF No. 12-22 at 2–3.

[24] ECF No. 12-22 at 3–4.

[25] *Id.* at 3–4.

[26] *Id.* at 4–5.

[27] 28 U.S.C. § 2254(b)(1)(A).

guarantees.[28]  To satisfy the exhaustion requirement, a petitioner must fairly present his claims to the state's highest court.[29]  Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims.[30]  A petitioner must alert the state court to the fact that he is asserting a federal claim;[31] mere similarity between a state-law claim and a federal-law claim is insufficient.[32]  "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."[33]

**B.    Ground one is unexhausted**

In ground one, Harlan alleges that there was insufficient evidence to bind him over on the open-murder and robbery charges and that the trial-court judge improperly allowed the state to amend the information to add these charges.  Harlan raised a similar claim to the Nevada Supreme Court on direct appeal and on appeal in his state collateral-review proceedings.  But Harlan did not present these claims to the Nevada Supreme Court in a procedural context in which their merits would be considered.  The Nevada Supreme Court rejected this claim twice without reaching its merits—first on direct appeal because Harlan waived the claim when he pleaded guilty and then on collateral review because its consideration was barred by NRS 34.810.[34]  Acccordingly, ground one is unexhausted.

---

[28] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[29] *See e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[30] *See Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[31] *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

[32] *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

[33] *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

[34] *Id.* at 4–5.

**C.    Ground two is partially unexhausted.**

In ground two, Harlan alleges that his guilty plea was not intelligently and knowingly entered and that he received ineffective assistance of counsel. He alleges that his counsel was ineffective because they would not allow him to see the autopsy report until after he pleaded guilty, his relationship with counsel was volatile, and counsel promised him that, if he pleaded guilty, he would receive a 25-year sentence.[35] He also alleges that the trial court erred by denying his motion to withdraw his guilty plea.

Harlan did not exhaust his allegations about his "volatile" and "acrimonious" relationship with counsel in state court. Harlan did exhaust his claim that his plea was not intelligently and knowingly entered because his counsel failed to provide him with the autopsy report until after he pleaded guilty.[36] Harlan also exhausted his allegation that counsel was ineffective for promising him that he would receive only a 25-year sentence. But this claim fails on its merits because Harlan cannot show deficiency or prejudice: he was, in fact, sentenced to 10–25 years in prison.[37] Finally, Harlan also exhausted his claim that the trial court erred by denying his motion to withdraw his guilty plea.[38]

Accordingly, ground two is partially unexhausted and partially fails on the merits: Harlan's claims that (1) his trial counsel was ineffective for failing to provide him with the autopsy report until after he pleaded guilty and (2) that the trial court erred by denying his motion to withdraw his guilty plea are exhausted; Harlan's IAC claim based on a volatile relationship with his attorneys is unexhausted, and his IAC claim for being promised a particular sentence fails on its merits.

---

[35] ECF No. 5 at 7.

[36] ECF Nos. 12-22 at 3–4; 12-7 at 2–4.

[37] ECF No. 11-13.

[38] ECF No. 12-7.

**D.     Ground three is partially unexhausted, and the exhausted portion is not cognizable on federal habeas review.**

In ground three, Harlan alleges that the state district court judge flagrantly participated in plea negotiations and that both of his attorneys and the prosecutor convened in the district court's chambers for an off-record exchange after which he was promised a 10–25 year sentence, all in violation of his due-process rights and Rule 11 of the Federal Rules of Criminal Procedure.[39]

Harlan did not raise any claim relating to the trial court's involvement with his plea negotiations on direct appeal.[40] Harlan raised a similar claim in his state habeas proceedings. There, he claimed that the trial-court judge was biased because he had improperly participated in plea negotiations.[41] But in those proceedings, Harlan cited only Federal Rule of Criminal Procedure 11 as the basis for his claim; he did not allege any violations of his federal constitutional rights. Harlan's claim that the trial court improperly participated in plea negotiations in violation of his due-process rights is therefore unexhausted, and Rule 11 is not a federal constitutional guarantee, so it is not an appropriate basis for federal habeas relief.

**E.     Ground four is exhausted.**

In ground four, Harlan alleges that trial counsel was ineffective for failing to conduct gun-shot-residue testing, concealing discovery, failing to produce findings made by the expert witness, and "failing to follow up on first Habeas Corpus denial."[42] Harlan raised these claims in his state habeas corpus proceedings,[43] so they are exhausted. But Harlan's claims that counsel was ineffective for failing to produce expert-witness reports and failing to represent him in state habeas corpus proceedings fail on their merits because they are purely conclusory. So I dismiss these claims with

---

[39] ECF No. 5 at 15–18.

[40] ECF No. 104.

[41] ECF No. 12-9.

[42] ECF No. 5 at 20–21.

[43] *See* ECF No. 12-9 at 18–20.

prejudice.

**E.     Because this is a mixed petition, Harlan must advise the court how he wants to proceed.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state-court remedies for *all claims* in the petition.[44] A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[45] Because Harlan's petition is mixed, he has three options:

1. Submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;

2. Submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. File a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.[46]

As to the third option, Harlan is cautioned that a stay and abeyance is available only in limited circumstances. If Harlan chooses to file a motion for stay and abeyance, he must show that there was good cause for his failure to first exhaust these claims in state court and that these claims are not plainly meritless.[47] Respondents would then have a chance to respond to his motion.

Regardless of which option Harlan chooses, he may not revive his claims that his counsel was ineffective for promising him a particular sentence, failing to produce expert-witness reports, and failing to represent him in state habeas proceedings or any of the allegations contained in ground

---

[44] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[45] *Id.*

[46] *See Lundy*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

[47] *Rhines*, 544 U.S. at 277 (stating that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. [And] even if a petitioner [shows good cause], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

three because these claims fail on their merits.

**If Harlan fails to choose one of these three options or seek other appropriate relief by October 29, 2016, his federal habeas petition will be dismissed without prejudice as a mixed petition**.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **respondents' motion to dismiss [ECF No. 7] is GRANTED in part and DENIED in part:**

- **Harlan's claims that his counsel was ineffective for promising him a particular sentence, failing to produce expert-witness reports, and failing to represent him in state habeas proceedings, and all of ground three are DISMISSED with prejudice;**

- **Harlan must notify the court how he wishes to proceed with this action on the remaining grounds by October 29, 2016.  If Harlan does not file notice with the court by this date, this action will be dismissed without prejudice and without further notice.**

Dated this 29th day of September, 2016

_____
Jennifer A. Dorsey
United States District Judge