UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

William Henry Harlan,

    Petitioner

v.

Brian E. Williams, et al.,

    Respondents

2:15-cv-00799-JAD-PAL

**Order**

In this mixed-petition case, I previously gave pro se petitioner William Harlan three options: (1) dismiss the unexhausted grounds in his petition and proceed with the exhausted grounds; (2) dismiss the case and return to state court to exhaust the unexhausted grounds; or (3) file a motion with me to stay and abey the exhausted claims while he returns to state court to exhaust his unexhausted claims.[1] Harlan chose the second option,[2] but he also asked me to "present him with a letter or motion notifying the lower court that he has been allowed to return to start his habeas petition over [and that c]onfirmation [is] necessary due to the fact that at this point [he] is legally time-barred from state court."[3] In light of Harlan's request, it is not clear that he understands the implications of dismissing this petition without prejudice, so I will give Harlan one more chance to consider his options so he can be sure of his decision.

Harlan is advised that I can't provide him with the letter he requests or direct the state court to consider his state habeas petition to be timely. I also advise

---

[1] ECF No. 15.

[2] ECF No. 19.

[3] *Id.*

Harlan to review the limitations periods for filing federal habeas petitions, which can be found in 28 U.S.C. § 2244(d), because those limitations periods may have a direct and substantial effect on whatever he choice he makes regarding his petition.

Accordingly, IT IS HEREBY ORDERED that Harlan has **until December 4, 2017, to advise the court whether he still wishes to dismiss his petition without prejudice or whether he would prefer to change his mind and select option one or three**.

The **Clerk of Court** is directed to **SERVE** Harlan with a copy of my September 29, 2016, order[4] along with a copy of this order.

DATED: November 1, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[4] ECF No. 15.