# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Will H. Harlan,<br><br>Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>Respondents | 2:15-cv-00799-JAD-PAL<br><br>**Order Denying Motion to Stay and Abey**<br><br>[ECF No. 22] |

Pro se petitioner Will Harlan is serving a 10–25-year sentence at the High Desert State Prison after he pled guilty to second-degree murder, and he brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] I previously found that this petition contains both exhausted and unexhausted claims.[2] Because the Court could not proceed on this type of "mixed petition," Harlan was directed to notify the Court how he wished to proceed by (1) submitting a sworn declaration stating that he is voluntarily abandoning his unexhausted claims; (2) submitting a sworn declaration stating that he will return to state court to exhaust his claims, which would result in a dismissal of the petition without prejudice; or (3) filing a motion to stay and abey.[3] I advised Harlan that a stay and abeyance is available only in limited circumstances and that, if he chose to file a motion for stay and abeyance, he must show that: (1) there was good cause for his failure to exhaust his claims in state court, and (2) that the claims are not plainly meritless.[4]

On January 23, 2017, the Court received a document from Harlan stating that he wanted

---

[1] NEVADA DEP'T OF CORRECTIONS http://doc.nv.gov/Inmates/Home/ (Jan. 10, 2018) (inmate search by name Will Harlan or by offender ID 1009537); *see also* ECF No. 1-1 at 2.

[2] ECF No. 15.

[3] *Id.*

[4] *Id.* (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).

to "return[] to state court to[] exhaust his unexhausted claims."[5] But Harlan also asked me to "present him with a letter or motion notifying the lower court that he has been allowed to return to start his habeas petition over [and that c]onfirmation [was] necessary due to the fact that at this point [he] is legally time-barred from state court."[6] I concluded that, in light of this request, it was not clear that Harlan understood the implications of dismissal without prejudice, so I directed him to clarify his choice.

On December 4, 2017, Harlan filed a motion to stay and abey his exhausted claims while he returns to state court to exhaust his unexhausted claims.[7] But he makes no effort to establish good cause for his failure to exhaust his unexhausted claims in state court or explain how his claims are not plainly meritless. I advised him of the *Rhines* standard twice, and he fails to satisfy it.[8] Accordingly, the motion to stay and abey is denied.

Harlan is once again directed to select one of the two remaining options: (1) submit a sworn declaration stating that he will abandon his unexhausted claims, in which case the unexhausted claims will be dismissed; or (2) submit a sworn declaration stating that he will return to state court to exhaust his unexhausted claims, in which case this entire federal petition will be dismissed without prejudice to Harlan's ability to file a new, separate habeas corpus petition at a later time, subject of course to the applicable statutes of limitations. Harlan must file a notice indicating his choice by February 12, 2018.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Harlan's motion to stay and abey **[ECF No. 22] is DENIED**.

IT IS FURTHER ORDERED that Harlan has until February 12, 2018, to submit a sworn

---

[5] ECF No. 19.

[6] *Id.*

[7] ECF No. 22.

[8] ECF Nos. 15, 21.

2

declaration stating either (1) that he abandons his unexhausted claims; or (2) that he will return to state court to exhaust his unexhausted claims. If Harlan chooses the second option, his federal petition will be dismissed without prejudice, but he will still be bound by the applicable statute of limitations. And if Harlan fails to provide this court-ordered, sworn declaration, this petition will be dismissed without further prior notice.

DATED: January 10, 2018.

_____
U.S. District Judge Jennifer A. Dorsey