# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Will H. Harlan,

    Petitioner

v.

Brian E. Williams, et al.,

    Respondents

Case No.: 2:15-cv-00799-JAD-PAL

**Order Dismissing Case**

[ECF No. 5]

On September 29, 2016, I found the petition for writ of habeas corpus in this case to be mixed, containing both exhausted and unexhausted claims. I directed petitioner Will H. Harlan to select one of three options: (1) submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only; (2) submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or (3) file a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.[1] Harlan responded with a document indicating that he wishes to return to state court and is therefore selecting "option two."[2] In light of certain other statements made in the notice, it was unclear whether he actually wanted his petition to be denied without prejudice. I therefore directed petitioner to file a notice clarifying his choice.[3]

On December 4, 2017, Harlan filed a motion for stay and abeyance, which I denied because he failed to make the requisite showing.[4] I directed petitioner to select between the remaining two options—abandoning his unexhausted claims or dismissing the entire petition so

---

[1] ECF No. 15.

[2] ECF No. 19.

[3] ECF No. 21.

[4] ECF Nos. 22, 23.

that he could return to state court—on or before February 12, 2018. Harlan has failed to respond to my order, and the time for doing so has long since expired.

In my prior orders, I advised Harlan that his failure to make a selection from the available options would result in dismissal of this petition without further prior notice. Because he has failed to elect to either abandon his unexhausted claims or to dismiss the entire petition without prejudice, the petition in this case remains mixed and must therefore be dismissed under *Rose v. Lundy*.[5]

Accordingly, IT IS HEREBY ORDERED that Harlan's petition for a writ of habeas corpus **[ECF No. 5]** is dismissed without prejudice to his ability to file a new, separate petition. By dismissing this case without prejudice, I do not make any implied findings about the limitations period. Harlan remains responsible for calculating the federal limitations period and timely filing his claims. The **Clerk of Court** is directed to **ENTER JUDGMENT accordingly** and **CLOSE THIS CASE**.

Dated: April 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).